**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Elaine L. Chao, Secretary of Labor, United States Department of Labor,

Plaintiff,

vs.

Lee Morris; Independent Import Services, Inc.; and the Independent Import Services, Inc. 401(k) Profit Sharing Plan and Trust,

Defendants.

No. CV-06-1581-PHX-DGC

**ORDER**

Plaintiff Elaine Chao, Secretary of Labor ("Secretary"), commenced this action on June 20, 2006 by filing a complaint against Defendants Lee Morris, Independent Import Services, Inc. ("IIS"), and the Independent Import Services, Inc. 401(k) Profit Sharing Plan and Trust ("Plan"). Dkt. #1. The Secretary brought the action pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a). *Id.* ¶ 4. The Secretary filed a motion for entry of default on October 18, 2006. Dkt. #7. Defendants Morris and IIS subsequently filed notices of bankruptcy filings. Dkt. ##9-10. The Secretary has filed a response to the notices, arguing that this action is excepted from the automatic stay provision of the Bankruptcy Code and that the entry of default against Defendants is appropriate. Dkt. #12. For the reasons set forth below, the Court concludes that the stay in this case should be lifted and that the motion for entry of default should be denied without prejudice.

**I. The Bankruptcy Code Stay Provisions.**

Under Bankruptcy Code § 362(a)(1), the filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor[.]" 11 U.S.C. § 362(a)(1). Bankruptcy Code § 362(b)(4) provides an exception to § 362(a)(1)'s automatic stay provision for certain governmental police and regulatory actions. 11 U.S.C. § 362(b)(4). Specifically, § 362(b)(4) provides that the filing of a bankruptcy petition does not stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power[.]" *Id.*; *see In re First Alliance Mortgage Co.*, 263 B.R. 99, 106 (B.A.P. 9th Cir. 2001).

The Secretary argues that this case falls within the exception established by § 362(b)(4) because it is an ERISA enforcement action brought pursuant to the Secretary's police and regulatory power. Dkt. #12 at 2. The Court agrees.

This Circuit has "applied two alternative tests to determine whether the actions of a governmental unit are in exercise of its police and regulatory power as defined in [§] 362(b)(4): the 'pecuniary purpose' and the 'public policy' test." *City & County of S.F. v. PG & E Corp.*, 433 F.3d 1115, 1123-24 (9th Cir. 2006) (citing *In re Universal Life Church*, 128 F.3d 1294, 1297 (9th Cir. 1997)); *see In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000). These alternative tests must be applied to the individual claims, not the action as a whole. *PG & E*, 433 F.3d at 1124. If a claim "primarily seeks to protect the government's pecuniary interest, the automatic stay applies." *Id.* If a claim "primarily seeks to protect the public safety and welfare, the automatic stay does not apply." *Id.* (citing *Universal Life Church*, 128 F.3d at 1297; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)).

The claims in this case are exempt from the automatic stay under either test. The complaint alleges that Defendants Morris and IIS violated ERISA by breaching their fiduciary duties and failing to administer the Plan in compliance with Plan documents and various ERISA provisions. Dkt. #1 ¶¶ 10-12, 16-20. Specifically, the complaint alleges that

Morris made improper loans from Plan funds and that Morris and IIS withheld employee contributions to the Plan. *Id.* ¶¶ 13-15.[1] The Secretary seeks injunctive relief, the appointment of an independent fiduciary, and restitution on behalf of Plan beneficiaries in the amount of $41,982.64. *Id.* at 7-8. The claims for injunctive relief and the appointment of a fiduciary clearly do not seek to protect the Government's pecuniary interest in the debtors' property. *See PG & E*, 433 F.3d at 1124. Nor does the claim for restitution. "Although the Secretary seeks to adjudicate the rights of the Plan's beneficiaries, any monetary amounts recovered will benefit those beneficiaries, and not the [G]overnment." *Dole v. Hansbrough*, 113 B.R. 96, 98 (D.D.C. 1990). The claims accordingly are exempt from the automatic stay under the pecuniary purpose test. *See Martin v. Friedman*, 133 B.R. 609, 611 (N.D. Ohio 1991); *Metzler v. Bennett*, No. 97-CV-0148 (RSP/GJD), 1998 WL 187454, at *5 (N.D.N.Y. Apr. 15, 1998) ("[The Secretary] brought this action to enforce the provisions of ERISA, and the interests involved are those of the Plan beneficiaries, not the government. I therefore conclude that the exemptions to the automatic stay contained in section 362(b)(4) is applicable and that the Secretary's action may proceed.") (citing *Dole*); *see also PG & E*, 433 F.3d at 1125 (holding that claims for injunctive relief and restitution under California's unfair competition law satisfied the pecuniary purpose test).

The claims also are exempt from the automatic stay under the public policy test. "[T]he Secretary seeks to enforce [Morris's and ISS's] fiduciary duties to the [Plan] under ERISA, a manifestly public purpose." *Martin*, 133 B.R. at 611. "This is reflected in the statutory language of ERISA, where Congress stated that employee benefit plans are 'affected with a national interest." *Dole*, 113 B.R. at 98 (quoting 29 U.S.C. § 1001); *see PG & E*, 433 at 1125 (stating that restitution would "benefit the public welfare by penalizing past unlawful conduct and deterring future wrongdoing").

"[C]ourts have uniformly held that an enforcement action by the Secretary of Labor under ERISA constitutes the exercise of 'police and regulatory power' within the meaning

---

[1] The Secretary has named the Plan as a Defendant solely to assure that complete relief can be granted. *Id.* at 7.

of § 362(b)(4), and that the automatic stay provision of § 362(a) does not apply." *Dole*, 113 B.R. at 97 (citing cases); *see Martin*, 133 B.R. at 611 (citing *Donovan v. Porter*, 584 F. Supp. 202, 207 (D. Md. 1984)). The rationale of those decisions is sound. The Court accordingly concludes that this action is exempt from the automatic stay provision of Bankruptcy Code § 362(a)(1).

**II. The Secretary's Motion for Entry of Default.**

Defendants were served with process on September 7, 2006. Dkt. ##3-6. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants were required to file responsive pleadings by September 27, 2006. Fed. R. Civ. P. 12(a)(1)(A) ("[A] defendant shall serve an answer within 20 days after being served with the summons and complaint[.]"). When Defendants did not respond to the complaint as required by Rule 12, the Secretary filed the instant motion for entry of default against Defendants pursuant to Rule 55(a). Dkt. #7. Defendants have not responded to the motion. Rather, Defendants Morris and IIS filed notices of bankruptcy filings. Dkt. #9-10.

It appears that Defendant IIS has not filed a responsive pleading because it believed the action was properly stayed by its October 13, 2005 bankruptcy petition. *See* Dkt. #9. Defendant Morris did not file his bankruptcy petition until October 25, 2006, nearly a month after his responsive pleading was due and a week after the Secretary sought the entry of default. *See* Dkt. ##6-7, 10. It does not appear from the record, however, that Morris acted in bad faith in failing to file a responsive pleading or that the Secretary will be prejudiced by the denial of default. The Court accordingly will exercise its discretion under Rule 55 and deny the motion for entry of default without prejudice and permit Defendants to file responsive pleadings. *See Martin*, 133 B.R. at 611-12; *see also O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (holding that "the district court properly resolved all doubt in favor of setting aside the entry of default and deciding the case on its merits"); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) (holding that the district court did not err in setting aside default and stating that the court's discretion is "especially broad" with respect to the entry of default). Defendants shall file responsive pleadings pursuant to

the Federal Rules of Civil Procedure by **January 26, 2007**.

**IT IS ORDERED:**

1. The Clerk of Court shall **lift the stay** in this case.

2. Plaintiff's motion for entry of default (Dkt. #7) is **denied without prejudice**.

3. Defendants shall file responsive pleadings by **January 26, 2007**.

DATED this 10th day of January, 2007.

David G. Campbell
United States District Judge